IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CR3013 |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| INOCENCIO SEGURA JIMENEZ, a/k/a, | ) | TO DEFENDANT'S MOTION TO |
| INOCENCIO SEGURA, | ) | DISCLOSE CONFIDENTIAL |
| | ) | INFORMANT |
| Defendant. | ) | |

COMES NOW the Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to Defendant's Motion to Disclose Identity of Confidential Informant and Make Available for Interview (filing 18), and hereby respectfully suggests that this Court deny the motion, because defendant has failed to allege any facts which establish that he is entitled to any such disclosure.

The Motion asks this Court to order the government to disclose the identity of "the confidential informant involved in this case," and make that person "available for interviews as requested by defense counsel." The motion also requests oral argument. (Filing 18).

In the accompanying Memorandum, (filing 18-1), the defendant demands disclosure of the identity of an unspecified number of confidential informants and demands they be produced for interviews by his counsel "prior to trial with such advance notice and opportunity, so defense counsel may file appropriate motions which may be precipitated after confidential informants interviews." (Filing 18-1 at p. 3). He also demands identification of all the government's "material witnesses and their whereabouts" and demands that any such witnesses be made available to the defense. (Filing 18-1 at p. 3). Defendant claims the government's failure or refusal to make the unspecified informants available to his counsel for interview as demanded "would require dismissal of this case." (Filing 18-1 at p. 3). Defendant states, without alleging

supporting facts, that "it is clear that the informants in this case are material witnesses." (Filing 18-1 at p. 3).

In the alternative, the defendant demands this Court conduct an *in camera* hearing, in which his counsel would participate, to determine whether any informant has information which would be helpful to his defense. (Filing 18-1 at p. 4). The defendant also demands any and all impeachment material regarding any witness, including, but not limited to, any informant or informants that the government may call at trial. (Filing 18-1 at p. 4-7).

Defendant has not alleged any facts which would justify his demands. His speculation that a confidential informant or informants *may*[1] have information helpful to his defense does not satisfy the burden of establishing a need for disclosure. No *in camera* hearing is necessary. No oral argument is necessary. Defendant's motion should be summarily denied.

**1. Defendant has failed to demonstrate any need for the requested information.**

Defendant has not described the type of information which he believes the alleged informant or informants possess, and he has not stated why he believes such information would be material to his defense. It is his burden to show that an informant or informants participated in the charged conduct or were actual witnesses to that conduct, rather than mere tipsters. Mere speculation that an informant or informants possess material information is insufficient.

Defendant cites *Roviaro v. United States*, 353 U.S. 53, (1957) in support of his Motion. In that case, the Supreme Court stated disclosure of the identity of the confidential informant was required, because the informant and the defendant were the only participants in the delivery, and the informant was an actual witness to the defendant's charged misconduct.

> The circumstances of this case demonstrate that John Doe's possible testimony was highly relevant and might have been helpful to the defense. So far as

[1] "[I]t appears that at least some of the informants *may* be percipient witnesses." (Filing 18-1 at p. 2) (emphasis added).

> petitioner knew, he and John Doe were alone and unobserved during the crucial occurrence for which he was indicted. Unless petitioner waived his constitutional right not to take the stand in his own defense, John Doe was his one material witness. Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Durham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed an entrapment. He might have thrown doubt upon petitioner's identity or on the identity of the package. He was the only witness who might have testified to petitioner's possible lack of knowledge of the contents of the package that he 'transported' from the tree to John Doe's car. The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.
>
> * * *
>
> This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses. Moreover, a government witness testified that Doe denied knowing petitioner or ever having seen him before. We conclude that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure.

*Roviaro*, 353 U.S. at 63-65.

However, *Roviaro* does not mandate disclosure of a confidential informant's identity in every case. In cases following *Roviaro*, the Eighth Circuit Court of Appeals has required defendants to show that informants have information material to the defense before ordering disclosure of their identities. In *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991), a confidential informant bought drugs from the defendants and provided information to law enforcement which led to the execution of a search warrant, the seizure of drugs, and the arrest of the defendants. In response to a motion for disclosure of the identity of the confidential informant, the government dismissed a conspiracy charge and asked the district court to conduct an *in camera* interview of the informant before determining whether disclosure was warranted with respect to the remaining charge of possession with intent to distribute. The district court

denied the request for the *in camera* hearing and dismissed the indictment, because the government continued to refuse to identify the confidential informant. The government appealed. The Eighth Circuit found the district court abused its discretion by ordering disclosure of the informant's identity, because the informant was not involved in the conduct which led to the charges.

> In balancing the government's privilege to withhold the informant's identity against the defendant's right to a fair trial, we hold that disclosure in this case is not vital to a fair trial because the informant's testimony would not further any legitimate interests of the defendants. This case involved the use of a confidential informant, a "tipster," who alerted police that the defendants were offering crack cocaine for sale. Although the informant made controlled buys from the apartment and observed the cocaine one day prior to the warrant's execution, the informant neither witnessed nor participated in the search of the apartment. Furthermore, following the dismissal of Count I, the defendants were no longer charged with conspiracy to sell cocaine, but with possession with intent to distribute. The government indicated that it did not intend to call the informant to testify about any purchases made at the apartment; the arrests were based solely on quantities of cocaine found in the apartment at the time of the execution of the search warrant. *See Bourbon*, 819 F.2d at 860; *United States v. House*, 604 F.2d 1135, 1140 (8th Cir.1979) *cert. denied*, 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980). Because the informant could not offer any evidence bearing on the possession charges against the defendants, disclosure of the informant's identity would not aid in insuring the defendants' a fair trial. The defendants here have not met their burden of demonstrating the need for disclosure. *Johnson*, 886 F.2d at 1122.
>
> III. CONCLUSION
>
> We conclude the district court abused its discretion in ordering the disclosure of the identity of the confidential informant and we therefore vacate the order and remand the case for reinstatement of the indictment and further proceedings consistent with this opinion.

*Harrington*, 951 F.2d at 878.

In *United States v. Roberson*, 439 F.3d 934 (8th Cir. 2006), an informant's tip led to the execution of a search warrant at an address where the informant said Roberson was selling drugs. During surveillance prior to execution of the search warrant, officers saw Roberson and his co-defendant engaged in suspicious activity, and both were arrested. Evidence obtained from the

arrests and the search resulted in federal drug convictions for both defendants. Co-defendant Sturgis claimed his due process rights were violated, because the district court refused to compel the government to identify the confidential informant.

The Eighth Circuit found Sturgis did not meet his burden of showing the informant had information material to his defense and stated that speculation about the potential value of an informant's testimony was insufficient to meet that burden.

> To obtain disclosure, Sturgis had the burden of showing that disclosure would have been material and helpful to his case. *United States v. Sykes*, 977 F.2d 1242, 1245–46 (8th Cir.1992). Generally, if the informant is a "tipster"-merely providing information without witnessing or participating in the drug transaction-disclosure is not material. *Id*. The district court found that the informant, who claimed to have witnessed Roberson possessing crack cocaine, but did not claim to have witnessed a drug transaction, was a mere tipster and that the disclosure was thus not material to Sturgis's case. Sturgis argues that the informant might have been a helpful witness for him because the informant claimed to have seen only Roberson, not Sturgis, in possession of contraband at Sturgis's residence. Such testimony, however, would have been of only marginal value to Sturgis, and Sturgis's speculation about its value is not enough to show that the district court abused its discretion in withholding that information.

*Roberson*, 439 F.3d at 940-941.

In the instant case, the defendant is charged with possession with intent to distribute 50 grams or more of methamphetamine. (Filing 1). Defendant's counsel has been provided with copies of police reports describing the search of a residence which the defendant shared with a cooperating witness, whose identity has been revealed to him through discovery materials, as well as consensual searches of a safe found in the residence and vehicles belonging to, and a storage unit leased by the defendant and/or the cooperating witness. Defendant's charge resulted from items found during those searches. The searches were conducted by law enforcement officers. No confidential informants participated in or were witnesses to those searches.

In order to require disclosure of the identity of any confidential informant, the defendant must show that the informant(s) actively participated in defendant's possession of

methamphetamine or actually witnessed his possession of methamphetamine at the time of the searches. Defendant cannot meet this burden. He merely speculates that some informant(s) possess some undescribed information which could be helpful in some unspecified manner to his defense. Therefore, the motion for disclosure of the identity of any confidential informant(s) should be denied.

**2. The motion should be summarily denied.**

In some situations, it would be appropriate for the Court to hold an *in camera* hearing in which the Court would question an informant to determine whether or not that informant has information which would be material to the defense. In *United States v. Grisham*, 748 F.2d 460 (8th Cir. 1984), the Eighth Circuit Court of Appeals provided guidelines for conducting such a hearing outside the presence of both counsel. *Id.* at 464-465, n.1. In his Memorandum, (filing 18-1 at p. 4) defendant demands that his counsel be present at such a hearing However, the Eighth Circuit, citing *Grisham*, rejected such a demand in *United States v. Fairchild*, 122 F.3d 605 (8th Cir. 1997).

> We also reject the argument that the district court erred by not allowing the appellants to participate at the *in-camera* hearing or, alternatively, by not providing their attorneys with the informants' identities with the admonition that they not inform their clients. Important policy considerations exist for not allowing defendants or their counsel to attend such hearings. *United States v. Grisham*, 748 F.2d 460, 464 (8th Cir.1984). No abuse of discretion exists in denying appellants' request for greater involvement at the in-camera hearing.

*Fairchild*, 122 F.3d at 610.

There is no legitimate factual issue regarding the potential materiality of information possessed by any informant or informants. Defendant has not described the type of information he believes any informant or informants may have, and he has not stated why such information would be material to his defense. He merely states that "it appears that at least some of the informants may be percipient witnesses." (Filing 18-1 at p. 2). Without an articulable factual

issue, there is no need for an *in camera* hearing. No oral argument is necessary. Defendant has not met his burden, and his motion should be denied without a hearing.

**3. Defendant is not entitled to additional *Brady* material at this time.**

Defendant's Memorandum also demands a laundry-list of potential *Brady*[2] impeachment material regarding any witness, including, but not limited to informants, that the government intends to use at trial. (Filing 18-1 at p. 4-7). The government mailed a disc containing FED. R. CRIM. P. 16 materials; potential Jencks Act materials; and potential *Brady* materials to defendant's counsel on March 11, 2014. The government intends to continue to comply with the requirements of Rule 16, the Jencks Act, *Brady*, and this Court's Progression Order (filing 15). Therefore, defendant's request for additional materials should be denied.

CONCLUSION

Defendant has not shown that any confidential informant(s) are likely to possess any information material to his defense. His Motion is based on mere speculation that some informant might have helpful information. He has not described the type of information he is seeking, nor has he stated why he believes the information would be material to his defense. Ordering disclosure of the identity of any informant based on such speculation would be an abuse of this Court's discretion. Therefore, the defendant's demand for disclosure, along with his requests for an *in camera* hearing, oral argument, and information about all the government's witnesses, should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

BY: DEBORAH R. GILG
United States Attorney, D.NE.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

And: *s/Sara E. Fullerton*
SARA E. FULLERTON #15387
Assistant United States Attorney
100 Centennial Mall North, Suite 487
Lincoln, NE 68508
(402) 437-5241

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Carlos A. Monzón, Esq.

and I hereby certify that I have caused this document to be electronically mailed to the following non CM/ECF participants:

None

*s/Sara E. Fullerton*
SARA E. FULLERTON #15387
Assistant United States Attorney